IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:02-cr-03110-MDH |
| | ) | |
| (4) KELVIN WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are two motions filed pro se by Defendant Kelvin Washington: (1) a motion to appoint counsel to file a motion for compassionate release on Defendant's behalf (Doc. 362), and (2) a motion for compassionate release (Doc. 363). The Government opposes Defendant's motions. (Doc. 364.) Defendant did not file a reply, and the time for doing so has passed.

First, as to Defendant's motion to appoint counsel, the Court notes that a defendant's constitutional and statutory rights to assistance of counsel does not extend to postconviction proceedings beyond a direct appeal, including postconviction proceedings under 18 U.S.C. § 3582(c). *See United States v. Farah*, No. 18-cr-0114 (MMW/HB), 2022 WL 4585689, at * (D. Minn. Sept. 29, 2022) (citing *United States v. Meeks*, 971 F.3d 830, 833-34 (8th Cir. 2020)); *United States v. Fleming*, 5 F.4th 189, 193 & 193 n.3 (2d Cir. 2021) (recognizing there is no constitutional or statutory right to counsel in proceedings under § 3582(c); collecting cases). Defendant has ably presented his motion for compassionate release pursuant to § 3582(c) to the Court. The Court declines to appoint counsel for Defendant to otherwise pursue compassionate release. Defendant's motion for appointment of counsel (Doc. 362) is **DENIED**.

Second, as to Defendant's motion for compassionate release, after careful and full review of the merits and arguments presented in Defendant's motion, the Court finds Defendant does not demonstrate an extraordinary and compelling reason to reduce his sentence. Defendant does not, in light of the COVID-19 pandemic as it exists today, demonstrate any particular underlying health condition or concern (other than that he is forty-one years old) that makes him more susceptible to COVID-19 to find an extraordinary and compelling reason for compassionate release due to COVID-19. Even if Defendant did demonstrate an extraordinary and compelling reason for

compassionate release, however, the Court must also consider the sentencing factors set forth by 18 U.S.C. § 3553(a). *See* § 3582(c)(1)(A). In doing so, the Court finds the § 3553(a) sentencing factors – particularly the violent nature and circumstances of Defendant's crimes of conviction and the need for the underlying sentence to reflect the seriousness of the offense, to provide just punishment, to protect the public from further crimes of the defendant, and to deter criminal conduct and promote respect for the law – do not weigh in favor of relief under § 3582(c). The Court recognizes and acknowledges the various accomplishments and advances Defendant states that he has made while incarcerated. Even so, this alone would not entitle Defendant to relief under compassionate release and does not otherwise outweigh the Court's necessary consideration of the § 3553(a) factors above. Defendant's pro se motion for compassionate release (Doc. 364) is **DENIED**.

The Clerk of the Court is directed to mail a copy of this order to:

Kelvin Washington, No. 54844-054
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 13, 2022